UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MANJIT BAJWA,  CIVIL NO. 17-4212 (DTS)

    Plaintiff,

v.  ORDER

CHATEAU EDINA CONDOMINIUM
ASSOCIATION, INC. and
ROEDER SMITH JADIN PLLC,

    Defendants.

---

Manjit Bajwa, *pro se* plaintiff

Karl Yeager, Esq., Meagher & Geer, PLLP, 33 South Sixth Street, Suite 4400, Minneapolis, MN 55402, on behalf of defendant Chateau Edina Condominium Association, Inc.; Patrick Newman, Esq., Bassford Remele, 100 South Fifth Street, Suite 1500, Minneapolis, MN 55402, on behalf of defendant Roeder Smith Jadin PLLC

---

    The parties dispute the terms and enforceability of a settlement agreement between plaintiff Manjit Bajwa ("Bajwa") and defendant Chateau Edina Condominium Association, Inc. ("CECA"). CECA and defendant Roeder Smith Jadin PLLC ("RSJ") filed motions to enforce the agreement [Docket Nos. 18, 24]. The Court finds no evidence that CECA or RSJ engaged in any fraud to induce Bajwa to sign the settlement agreement, nor was Bajwa under any legally cognizable duress when he signed it. In addition, the unambiguous terms of the agreement include release of both CECA and RSJ. Therefore, the Court grants the motions and orders that the settlement agreement be enforced.

**BACKGROUND**

Bajwa brought a lawsuit against CECA and RSJ in Hennepin County District Court, which the defendants removed to federal court on September 11, 2017. Docket Nos. 1, 1-1. CECA and Bajwa settled their claims and executed a settlement agreement on September 22[1] (CECA) and September 29 (Bajwa), 2017 ("Settlement Agreement"). Bottrell Affid. ¶ 14 and Ex. 9 (Settlement Agreement), Docket Nos. 22, 22-3. On October 6, 2017 Bajwa and CECA filed a Stipulation of Dismissal with Prejudice dismissing CECA from the lawsuit, and on October 10 the Court entered an Order for Dismissal. Docket Nos. 7 (stipulation), 9 (order). This dismissal stipulation is one of the parties' obligations in the Settlement Agreement. CECA states that it did not file the stipulation/dismissal order with Hennepin County District Court or make any request for funds held on deposit there because of Bajwa's subsequent threats of additional lawsuits against CECA, its board members and its current attorneys, given Bajwa's history of lawsuits against individuals, insurers, witnesses and lawyers. CECA Br. 3-4, 6, Docket No. 21. CECA asserts that Bajwa has failed to perform all of his obligations under the Settlement Agreement. *Id.* at 1, 19, Docket No. 21. Bajwa asserts that the Settlement Agreement should not be enforced due to fraud and duress. Bajwa Br. 5-7, Docket No. 31. He also contends that the terms of the Settlement Agreement do not include a release of RSJ, the law firm that represented CECA in dealings with Bajwa that underlie this lawsuit and the Settlement Agreement. *Id.* at 6.

The parties consented to the jurisdiction of the undersigned magistrate judge to

---

[1] The handwritten date next to CECA's notarized signature is unclear, but the affidavit states it is September "22" and, in any event, it does not affect the Court's analysis or ruling.

conduct all proceedings and order the entry of judgment in this case. Docket Nos. 16-17.  Separate motions to enforce the settlement agreement were brought by CECA on January 9 and by RSJ on January 31, 2018.  Docket Nos. 18, 24.  Bajwa opposed the motions.  Docket Nos. 31-32.  Oral argument was held on March 14, 2018.  Docket No. 37.

## DISCUSSION

A settlement agreement is a contract.  *Ryan Contracting Co. v. O'Neill & Murphy, LLP*, 883 N.W.2d 236, 249 (Minn. 2016).  Contract interpretation is a matter of state law, which in this case is Minnesota law.[2]  *See Sheng v. Starkey Laboratories, Inc.*, 53 F.3d 192, 194 (8th Cir. 1995) (applying Minnesota contract law principles to disputed settlement agreement).  When a contract is unambiguous, it will be enforced according to the plain meaning of its terms, and the Court will not examine evidence outside the four corners of the contract.  *See Denelsbeck v. Wells Fargo & Co.*, 666 N.W.2d 339, 346-47 (Minn. 2003); *Republic Nat. Life Ins. Co. v. Lorraine Realty Corp.*, 279 N.W.2d 349, 354-55 (Minn. 1979).

The parties do not dispute that that CECA and Bajwa signed the Settlement Agreement. The signatures are notarized, and there is no dispute about their authenticity.  Bajwa also conceded at oral argument that the agreement is unambiguous and that he was not subject to any physical duress.  Rather, he contends that the Settlement Agreement should not be enforced because his signature was procured by

---

[2] The Settlement Agreement has a Minnesota choice-of-law provision. Settlement Agreement ¶ 6.f., Bottrell Affid. Ex. 9, Docket No. 22-3.

financial duress and/or fraud.[3]  Specifically, Bajwa asserts that he signed the agreement because he felt financial pressure, had a lot of expenses tied up in the prospective sale of his condominium units, and was afraid he would be sued by the prospective buyer. Bajwa Br. 2-3, Docket No. 31; Bajwa Dep. Tr. 15-17, Bottrell Affid. Ex. 30, Docket No. 22-6.  He also contends that CECA's lawyer "was responsible for the duress by his refusal to properly document the agreement made by his client."  Bajwa Br. 6, Docket No. 31.  He claims that the duress is documented in emails between CECA's president, its attorney, Bajwa, and the prospective buyer of Bajwa's condominium units.  *Id.*

Duress is a defense to a contract "only when agreement is coerced by physical force or unlawful threats."  *Bond v. Charlson*, 374 N.W.2d 423, 428 (Minn. 1985).  "The limitation of alternatives imposed by one's own financial problems does not constitute duress".  *Id.*  Bajwa conceded there was no physical duress.  There is also no evidence in the record that CECA or RSJ made unlawful threats in order to obtain his signature on the Settlement Agreement.  The financial pressure that Bajwa described is not a defense under Minnesota law.

Bajwa also asserts that various actions during settlement negotiations amounted to fraud.  For example, he cites the "refus[al] to make the settlement a three-way settlement with [the prospective buyer]" [Bajwa Br. 7, Docket No. 31]; "refus[al] to execute a side agreement" [*id.*]; "refus[al] to make the necessary changes requested by Bajwa" [*id.* at 8]; the fact that the signed agreement did not include terms discussed

---

[3] Bajwa lists several grounds to support his position that the Settlement Agreement should not be enforced:  Fraud; Duress; Illegality; Extortion; Consideration and Fraud; Confidentiality, Fiduciary Duty, Bait and Switch; Unjust Enrichment and Fraud; and Rejected Offer Status.  *See* Bajwa Br. 5-7, Docket No. 31.  However, except for duress and fraud, Bajwa has not developed or explained his legal theories regarding these categories, or how the facts in the record would support them.

earlier in the settlement negotiations [*id.* at 5]; and the fact that RSJ is released under the agreement even though the law firm representing RSJ had "refused all offers to settle" [*id.* at 6].

A claim of fraudulent misrepresentation requires Bajwa to establish that, in signing the Settlement Agreement, he reasonably relied on a fraudulent representation of material fact by CECA or RSJ.  *See Hoyt Properties, Inc. v. Production Resource Group, LLC,* 736 N.W.2d 313, 318 (Minn. 2007). However, what Bajwa describes are vigorous settlement negotiations, not fraud.  The record establishes that Bajwa did not rely on any allegedly false representations by CECA or its attorneys during settlement negotiations; rather, Bajwa's basic complaint is that CECA refused to do what Bajwa requested and CECA would not agree to certain terms that Bajwa sought.  During settlement negotiations, Bajwa alternately accepted and rejected CECA's settlement proposals, made counter-proposals and drafted his own proposed settlement agreement, and at times changed his mind about which settlement terms he would accept.  Bajwa does not identify any material fact that CECA or RSJ misrepresented upon which he reasonably relied that induced him to sign the Settlement Agreement. The Court finds no basis to invalidate the Settlement Agreement on grounds of fraud.

Bajwa also contends that the Settlement Agreement is not enforceable because its terms differ from a previous settlement offer from CECA that Bajwa says he accepted.  However, the Settlement Agreement has a merger clause:

> Entire Agreement. This Agreement constitutes the entire agreement among the parties in relation to any and all matters relating to all of the trusts and limited partnership or the above captioned matters. No representations, warranties or inducements have been made to any party concerned in this Agreement other than the representations, warranties or covenants set forth herein.  This Agreement may be amended or modified

> only by written agreement signed by all the parties or their successors in interest.

Settlement Agreement ¶ 6.a., Bottrell Affid. Ex. 9, Docket No. 22-3. "A merger clause establishes that the parties intended the writing to be an integration of their agreement." *Alpha Real Estate Co. of Rochester v. Delta Dental Plan of Minnesota*, 664 N.W.2d 303, 312 (Minn. 2003). When the parties have "reduced their agreement to an unambiguous integrated writing," the Court does not consider "extrinsic evidence of prior or contemporaneous oral agreements, or prior written agreements." *Id.* Thus, whatever the parties previously said or wrote during negotiations is not relevant to interpreting the agreement that the parties actually signed.

The Court finds that the Settlement Agreement is a fully integrated, unambiguous contract that was not procured by duress or fraud, and therefore it is binding on the parties. The Court also finds that the plain language of the agreement releases both CECA and RSJ. RSJ represented CECA in foreclosure proceedings related to the condominium units owned by Bajwa, and also advised and drafted documents for CECA relating to the conversion of the caretaker's unit. Lawson Affid. ¶ 16, Docket No. 38. The Settlement Agreement's stated purpose is to resolve the various claims involving disputes over the caretaker unit, a parking agreement, assessments owed by Bajwa, the foreclosure action, and the present lawsuit. *See* Settlement Agreement, introductory para., Bottrell Affid. Ex. 9, Docket No. 22-3.

The Settlement Agreement releases CECA as well as CECA's attorneys, which in this case includes defendant RSJ. It states that, upon the performance and satisfaction of certain conditions by Bajwa and CECA, Bajwa "releases and forever discharges CECA, its officers, agents, attorneys and assigns" and, in a separate

provision, the parties mutually release each other and "their heirs, co-owners, if any, successors, assigns, parties and all other persons acting on their behalf." *Id.* ¶¶ 1, 5.

Accordingly, the Court grants the motions of CECA and RSJ to enforce the Settlement Agreement.

## ORDER

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED that:

1. The Motions to Enforce the Settlement Agreement [Docket Nos. 18, 24] are GRANTED;

2. The Settlement Agreement is binding and enforceable, and the parties shall comply with all of its terms. **Within five business days of this Order**, Bajwa must execute and send to CECA all necessary written consents under the Settlement Agreement, and specifically a written consent to the Certificate of Amendment to add the caretaker's unit to the Condominium; and Bajwa must cooperate with CECA to release funds held by the Hennepin County District Court. **After CECA has received the funds and received Bajwa's written consent(s), within five business days** after the later of these events CECA must send payment to Bajwa of $8,000 (eight thousand dollars).

3. This case is DISMISSED WITH PREJUDICE.

4. This Court retains jurisdiction over enforcement of the Settlement Agreement.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  April 13, 2018

                                            *s/ David T. Schultz*
                                            DAVID T. SCHULTZ
                                            United States Magistrate Judge